# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50540

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 6, 2023

Lyle W. Cayce
Clerk

Arturo Macias, Jr.,

*Plaintiff—Appellant*,

*versus*

Department of Family Services, *also known as* CPS, *also known as* DFPS,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-1292

————————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Arturo Macias, Jr. is a *pro se* plaintiff who sued the Texas Department of Family and Protective Services (DFPS) in federal court after the agency involuntarily removed his children pursuant to a state court judge's order. Macias requests his children be returned to his custody, a declaratory judgment that DFPS acted unlawfully, a permanent injunction against DFPS

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prohibiting the agency's allegedly abusive litigation practices, and $11,000,000 in damages. The district court, on recommendation from the magistrate judge, dismissed Macias's complaint without prejudice because sovereign immunity barred his claims. We affirm.

Macias articulated various criminal and civil claims in his complaint and his subsequently filed request for declaratory and injunctive relief, which the district court and the magistrate judge construed as an amended complaint. Sifting Macias's dozens of legal citations, the magistrate judge liberally construed his pleadings to allege claims under 5 U.S.C. §§ 702–03; 18 U.S.C. §§ 241, 242, 371, 983, 1028, 1201(a), 2313; 28 U.S.C. §§ 2201–02; and 42 U.S.C. §§ 1983, 1985, 1986, 2000aa-6, 2000dd. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (instructing courts to construe *pro se* complaints liberally). On appeal, Macias does not reference any of these claims except as alleged under § 1983. Instead, he now advances constitutional claims under the Fourth, Eighth, and Fourteenth Amendments, and statutory claims under the Child Abuse and Prevention Treatment Act, the Adoption and Safe Family Act, and the Social Security Act, though he does not specify which causes of action within those statutes upon which he relies.

We conduct a *de novo* review of a district court's decision to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (citing *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005)). Though Macias has not explicitly waived most of his original claims, he has abandoned those he fails even to mention in his appellate brief. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021) ("When a party pursues an argument on appeal but does not analyze relevant legal authority, the party abandons that argument."). To the extent any of his original claims are preserved, including his § 1983 claim, we agree after *de novo* review with

No. 23-50540

the magistrate judge's recommendation, as adopted by the district court, that Macias's claims against DFPS are barred by sovereign immunity. *See, e.g.*, *United States v. Abbott*, 85 F.4th 328, 333 n.2 (5th Cir. 2023) (noting that § 1983 does not abrogate state sovereign immunity). And Macias's newly raised claims are forfeited because he raises them for the first time on appeal. *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021).

AFFIRMED.